DEBORAH M. SMITH
Acting United States Attorney

THOMAS C. BRADLEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: tom.bradley@usdoj.gov

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. |
| Plaintiff, | ) | |
| | ) | **PLEA AGREEMENT** |
| v. | ) | |
| | ) | |
| HUSEIN AHMAD AZZAM, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I.    **INTRODUCTION**

A.    This document contains the complete plea agreement between the

United States and the defendant, HUSEIN AHMAD AZZAM.  No other

agreement, understanding, promise, or condition exists between these two parties.

The defendant understands this agreement is limited to the District of Alaska; it

does not bind other federal, state or local prosecuting authorities. In summary, the parties agree that the appropriate sentence in this case is a term of five years of probation.

B.     The parties expressly agree that this plea agreement is entered into and is to be controlled by Federal Rules of Criminal Procedure 11(c)(1)(A), (B) and (C). This means that either the United States or the defendant **may withdraw** from this agreement if the court deviates from the agreed-upon sentencing recommendations made by the United States and by defense counsel.

C.     Because this case arises out of conduct occurring after November 1, 1987, the defendant's sentence will be determined by application of the United States Sentencing Commission Guidelines (U.S.S.G.), which the court must consider but which are not binding upon the court

D.     Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney's fees and costs from the other party.

E.     In summary, the defendant agrees to waive indictment by the grand jury and plead guilty to Count 1 of the Information, admitting that he structured financial transactions to avoid currency transaction reporting requirements. He also agrees to reaffirm his prior written waivers of the statute of limitations with

respect to these charges.

II.   **WHAT THE DEFENDANT AGREES TO DO**

The defendant agrees the following obligations are material to this

agreement.  The defendant agrees that any violation of or failure to fulfill these

obligations will be a material breach of this agreement.  If the defendant breaches

this agreement, the defendant understands the United States, in its sole discretion,

may withdraw from this agreement and may reinstate prosecution against the

defendant on any charges arising out of the investigation in this matter.  Whether

the defendant has violated the terms of this agreement will be determined by the

court at an appropriate hearing during which any of the defendant's disclosures

will be admissible and the government's burden is by a preponderance of the

evidence.

A.   **CHARGES**

The defendant is currently charged with the following in the Information

filed in this case: Count 1, Structuring Financial Transactions, in violation of

Title 31, United States Code, Section 5324(a)(3).  The information also includes a

count of criminal forfeiture, Count 2.  Pursuant to this written agreement, the

defendant agrees to plead guilty to Count 1 of the Information, and further agrees

to criminally forfeit ~~$83,000~~ in U.S. currency, which he agrees represents a

forfeitable "substitute asset" in place of illegally structured funds (forfeitable as

money involved in the offense of conviction ) and money traceable thereto, under

Title 31 United States Code, Section 5317(c)(1)(B). The defendant also agrees to

abandon interest in a polar bear pelt seized from his residence, as the pelt was

possessed in violation of the Marine Mammals Protection Act.

###   B.   **LIMITS ON DEPARTURES**

Unless specifically set forth in this plea agreement, the defendant agrees he

will not seek any downward departures under the U.S.S.G. or any other authority.

This section does not prohibit the defendant from arguing for the application of

any downward guideline adjustments to the court's sentence calculation.

###   C.   **WAIVERS OF APPELLATE AND COLLATERAL ATTACK RIGHTS**

The defendant understands that by pleading guilty he waives his right to

appeal his conviction. The defendant also understands and agrees that as

consideration for the government's commitments under this plea agreement, and

if the court accepts this plea agreement and imposes a sentence no greater than

the maximum statutory penalties available for the offense of conviction, including

any forfeiture under this plea agreement, he will knowingly and voluntarily waive

his right, contained in 18 U.S.C. § 3742, to appeal the sentence--including any

forfeiture--imposed. Furthermore, the defendant also knowingly and voluntarily

agrees to waive his right to collaterally attack his conviction and/or sentence--

including forfeiture and any conditions of supervised release. The only

exceptions to this collateral attack waiver are as follows: 1) any challenge to his

conviction or sentence alleging ineffective assistance of counsel--based on

information not now known to the defendant and which, in the exercise of

reasonable diligence, could not be known by him by the time the court imposes

sentence; and 2) a challenge to the voluntariness of his guilty plea. The defendant

agrees that if his guilty plea is rejected, withdrawn, vacated, reversed, or set aside,

or if his sentence is vacated, reversed, set aside, or modified, at any time, in any

proceeding, for any reason, the United States will be free to prosecute the

defendant on all charges arising out of the investigation of this case for which

there is probable cause.

     E.    The defendant agrees to pay the special assessment owed in this case

on the day the court imposes sentence. The defendant understands that any

person convicted of a federal felony offense may lose or be denied federal

Page 5 of  20

benefits including any grants, loans, licenses, food stamps, and welfare.   III.

## WHAT THE GOVERNMENT AGREES TO DO

A.      In exchange for the defendant's plea of guilty to Count 1 of the

Information in this case, the United States agrees that a sentence of five years'

probation with no initial jail sentence is appropriate.  The government also agrees

not to prosecute the defendant further for any offense--now known--arising out of

the subject of the investigation, including money laundering, filing false

documents with the IRS, or tax evasion.  Provided, however, if the defendant's

guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if his

sentence is vacated, reversed, set aside, or modified, at any time, in any

proceeding, for any reason, the United States will be free to prosecute the

defendant on all charges arising out of the investigation of this case for which

there is probable cause, including any charges dismissed pursuant to the terms of

this agreement, including forfeiture of property other than that encompassed by

this agreement.

B.      If the defendant is completely candid and truthful with both the court

and the United States Probation Office in admitting his criminal conduct and he

meets the criteria set out in U.S.S.G. § 3E1.1, the United States agrees to

Page 6 of  20

recommend the defendant for a two-level downward adjustment for acceptance of responsibility. If, at any time prior to imposition of sentence, the defendant fails to meet the criteria set out in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation.

      C.      The United States agrees to recommend a sentence of imprisonment at the low end of the total adjusted guideline sentence range.

IV.    **MAXIMUM PENALTIES AND CONDITIONS OF SENTENCE**

      A.      The maximum statutory penalties for Count 1, Title 31, United States Code, Section 5324(a)(3), as charged in the Information, include the following: 1) imprisonment for a term of up to five years, 2) a fine of $250,000, 3) a $100 mandatory special assessment, and 4) a term of supervised release up to three years.

      B.      Pursuant to Comment 7 to U.S.S.G. § 5E1.2, the court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term.

      C.      Pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the court imposes a fine of more than $2,500, interest will be charged on the balance

not paid within 15 days after the judgment date.

        D.      Upon violating any condition of supervised release, a further term of

imprisonment equal to the period of the supervised release may be imposed, with

no credit for the time already spent on supervised release.

        E.      The court may order that the defendant pay restitution pursuant to 18

U.S.C. § 3663 and U.S.S.G. § 5E1.1.

        F.      All payments will be by check or money order, and are to be

delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave.

Box 4, Rm. 229, Anchorage, AK 99513-7564.

## V.   <u>ESTIMATED GUIDELINE APPLICATIONS AND SENTENCING ISSUES</u>

**BASE OFFENSE LEVEL (Structuring)(U.S.S.G. §2S1.3(a)(1) . 8**

**LAWFUL ACTIVITY (§ 2S1.3(B)(3)) . . . . . . . . . . . . . . . . . . . . . -2**

**ADJUSTED OFFENSE LEVEL . . . . . . . . . . . . . . . . . . . . . . . . . 6**

**ACCEPTANCE OF RESPONSIBILITY . . . . . . . . . . . . . . . . . . -2**

**ESTIMATED TOTAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4**

**ESTIMATED CRIMINAL HISTORY . . . . . . . . . . . . . . . . . . . . I**

**ESTIMATED SENTENCING RANGE . . . . . . . . . 0-6 MONTHS**

**SUPERVISED RELEASE RANGE** ................. **3 YEARS**

**FINE RANGE** ................................ **$500-$5,000**

A.     The parties agree that U.S.S.G. §2S1.3 applies to a violation of Title

31, United States Code, Section 5324(a)(3).  This section requires the offense

level to be determined by the value of funds structured.  The United States

estimates that for purposes of sentencing in this case, the value was ~~$83,000~~ *$80,910*.  The

defendant understands that the amount of money for which the court could find

the defendant responsible include those amounts covered by the relevant conduct

provisions contained in U.S.S.G.§ 1B1.3.  There may be other specific offense

characteristics that affect the base offense level calculation for this offense.

The defendant understands the court may grant up to a two-level downward

adjustment for acceptance of responsibility if the defendant meets the criteria set

forth in U.S.S.G. § 3E1.1.  The applicability of all adjustments to the base offense

level will be set forth in the presentence report and the parties are free to argue

the applicability of any and all adjustments.

B.     The parties have no agreement on the defendant's criminal history

category.  The government **estimates** that it will be Category I.  The defendant

understands that the court may find the defendant's criminal history to be higher

than the United States estimates it to be.  The defendant may argue about the appropriate criminal history calculation or classification, but may **not** move for a criminal history downward departure under U.S.S.G. § 4A1.3.

  C. The parties agree that neither the United States nor the defendant will seek any upward or downward sentencing departures.

  VI. **ELEMENTS OF THE OFFENSE**

  A. In order to sustain a conviction for Structuring, a violation of Title 31, United States Code, Section 5324(a)(3), as charged at Count 1 of the Information, the United States would have to prove beyond a reasonable doubt the following elements:

  First, that the defendant had knowledge of the currency transaction reporting requirements;

  Second, that the defendant knowingly structured, assisted in structuring, attempted to structure or attempted to assist in structuring a currency transaction;

  Third, that the purpose of the structured transaction was to evade the currency transaction reporting requirements of §5313(a); and

  Fourth, that the structured transaction involved one or more domestic financial institutions.

VII.  **FACTUAL BASIS FOR THE PLEA**

The government and the defendant stipulate that the following facts are true and correct, and would be proven at a trial by the United States:

The defendant is engaged in automobile sales in Anchorage, through a business known as Alaska Professional Auto. This business by nature generates cash sales. Automobile dealers are among those required to file currency transaction reports when they receive cash payments in excess of $10,000.

The defendant knew of the currency transaction reporting requirements in October and November of 1999. Nevertheless, in anticipation of purchasing a home in Anchorage, the defendant proceeded to engage in approximately nineteen separate transactions wherein he purchased money orders for cash at local gas stations between October 29 and November 15, 1999. Between November 1 and November 16, 1999, the defendant made approximately fifteen separate deposits to various bank accounts, depositing the money orders he had just obtained with cash. Each of these transactions was kept below the $10,000 threshold. The total funds converted were approximately $80,900. On November 20, 1999, the defendant wrote a $30,000 check from his personal account and a $50,000 check from his business account and used these to purchase an $80,000

cashier's check payable to Pacific Northwest Title of Alaska, which in turn was used to make the down payment on a residence located at 16101 St. James Street, Anchorage, Alaska.

The defendant agrees that the aforementioned, unlawfully structured funds are forfeitable under Title 31 United States Code, section 5317(c)(1)(A), as is any property traceable thereto-including the residence described above. However, the defendant further agrees that because those assets are now beyond the reach of the United States for forfeiture purposes, the sum of $80,900.00 seized from him on or about April 1, 2003, constitutes a "substitute asset" forfeitable to the United States pursuant to the provisions of Title 31 United States Code, section 5317(c)(1)(B). The defendant hereby freely agrees to the forfeiture therof, as described in Count 2 of the Information, as a material term of this plea agreement.

The defendant admits that he was aware of the currency transaction reporting requirements, and that he knowingly structured the transactions for the purpose of evading the reporting requirements of section 5313(a) of Title 31, United States Code, and the related regulations.

VIII. **ADEQUACY OF THE AGREEMENT**

This plea agreement is appropriate in that it applies the same sentencing

Page 12 of 20

guideline provisions that would otherwise be applicable to the defendant's sentence if he had gone to trial and had been convicted on all counts in the charging instrument. The sentence to be imposed under the terms of this plea agreement will serve to adequately protect the public and reaffirm societal norms, provide for deterrence to the defendant and others, and provide an opportunity for the defendant to rehabilitate himself.

## IX.   **DEFENDANT'S AGREEMENT AND UNDERSTANDING OF THE TERMS OF THIS PLEA AGREEMENT**

I, HUSEIN AHMAD AZZAM, being of sound mind and under no compulsion or threats, or promises not otherwise contained in this document, knowing that I will be put under oath at my change of plea hearing to tell the truth, do hereby state my agreement to and understanding of this plea agreement as follows:

A.     I wish to enter a plea of guilty to Count 1 of the Information, which charges me with Structuring Financial Transactions.

B.     My attorney, Phillip P. Weidner, has explained the charge to which I am pleading guilty and the necessary elements, and the consequences of my plea.

C.     I am admitting that the allegations against me in Count 1 of the

Information and the factual basis for my plea are true.

D.    I understand that by pleading guilty I give up and I agree to waive
the following rights:

–    The right to have the charges against me presented to the
grand jury prior to entering my plea of guilty;

–    The right to have the charges against me brought within the
five-year limitations period, which I previously waived in
writing;

–    The right to plead not guilty or to persist in that plea if it has
already been made;

--    The right to a speedy and public trial by a jury on the issues of
my guilt and the forfeitability of my interest in the Forfeiture
Assets;

--    The right to object to the composition of the grand or petit
jury;

--    The right to be presumed innocent and not to suffer any
criminal  penalty unless and until my guilt is established
beyond a reasonable doubt;

--   The right to be represented by a lawyer at trial and if necessary
to have a lawyer appointed to represent me at trial--I
understand I am not waiving my right to have counsel
continue to represent me during the sentencing phase of my
case;

--   The right to confront and cross examine witnesses against me,
and the right to subpoena witnesses to appear in my behalf;

--   The right to remain silent at trial, with such silence not to be
used against me, and the right to testify in my own behalf;

--   The right to contest the validity of any searches conducted on
my property or person, or the validity of any seizures
involving Forfeiture Assets.

E.   I am fully aware that if I were convicted after a trial and sentence
were imposed on me thereafter, I would have the right to appeal any aspect of my
conviction and sentence.  Knowing this, I voluntarily waive my right to appeal
my conviction.  Furthermore, I also knowingly and voluntarily agree to waive my
right under 18 U.S.C. § 3742 to appeal any aspect of the sentence imposed in this
case, including a fine or supervised release, if the court accepts this agreement

and imposes a sentence in accordance with this agreement. Furthermore, I
knowingly and voluntarily waive my right to collaterally attack any aspect of my
conviction or sentence, except for a challenge based upon ineffective assistance
of counsel-- based on information not now known by me and which, in the
exercise of due diligence, could not be known by me by the time the court
imposes the sentence--which affected either my guilty plea or the sentence
imposed by the court. I am fully satisfied with the representation given me by my
attorney, Phillip P. Weidner. We have discussed all possible defenses to the
charges in the Information. My attorney has investigated my case and followed
up on any information and issues I have raised with him to my satisfaction and
they have taken the time to fully explain the legal and factual issues involved in
my case to my satisfaction. We have discussed how my sentence will be
calculated under the United States Sentencing Commission Guidelines as well as
the statutes applicable to my offense and any other factor that will affect the
sentence calculation in my case. I understand that if the Court imposes a sentence
different than the one agreed to that I can withdraw my plea pursuant to Fed. R.
Crim. P. 11(c)(1)(C).

      F.     I further understand that if I plead guilty, there will not be a trial and

that the court will ask me under an oath to answer questions about this offense. I

understand that I may be prosecuted if I make false statements or give false

answers and may suffer other consequences set forth in this agreement.

      G.     I understand that I have a right to plead not guilty and that no one

can force me to plead guilty. If anyone, including my attorneys, has done or said

anything other than what is contained in this agreement, I will inform the judge

when I stand before him to enter my plea.


      H.     I understand that anything that I discuss with my attorney is

privileged and confidential, and cannot be revealed without my permission.

Knowing this, I agree that this document will be filed with the court.

      I.     This document contains all of the agreements made between me, my

attorneys, and the attorneys for the United States regarding my plea. There are no

other promises, assurances, or agreements between me, my attorney, and the

United States that have affected my decision to change my plea or to enter into

this agreement. If there were, I would so inform the court. I understand that if I

breach this agreement in any way the United States will be free to prosecute me

on all charges for which there is probable cause, arising out of the investigation

of this case, and to reinstate any charges dismissed pursuant to this agreement.

J.     I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the court should find me incompetent to enter into this agreement or to enter my plea. I understand the consequences of my guilty plea. I therefore wish to enter a plea of guilty to Count 1 of the Information, which charges me with Structuring Financial Transactions.


DATED: _5/12/06_                          _Husein Azzam_
                                          HUSEIN AHMAD AZZAM
                                          Defendant


As counsel for the defendant, I have discussed with him the terms of this plea agreement, have fully explained the charge(s) to which he is pleading guilty and the necessary elements, all possible defenses, and the consequences of his plea. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question his competency to make these decisions.

If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court .

I further certify that as of the date of this agreement I am not a party to any Joint Defense Agreement in this case, and that to the best of my knowledge, no privileged information has been utilized in negotiating this agreement or in any proffer or discussion among the government attorneys and agents, my client, and myself.

DATED: ___5/12/06___                    ___Phillip P. W~___

PHILLIP P. WEIDNER
Attorney for Defendant

//

//

//

//

//

On behalf of the United States, the following accept Defendant's

offer to plead guilty under the terms of this plea agreement.

DATED: 6/5/06

THOMAS C. BRADLEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: tom.bradley@usdoj.gov

DATED: 6/8/06

DEBORAH M. SMITH
Acting United States Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: deb.smith@usdoj.gov

Page 20 of 20